# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 6415 NORTH HARRISON AVENUE, FRESNO, FRESNO COUNTY, CALIFORNIA, APN: 407-751-08, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>Defendant. | CASE NO. 1:11-cv-00304-OWW-GSA<br><br>ORDER REGARDING MOTION TO WITHDRAW AS COUNSEL AND MOTION TO APPOINT COUNSEL |

On February 22, 2011, Plaintiff, United States of America ("United States" or "the government"), filed a complaint for forfeiture of Defendant Real Property located at 6415 North Harrison Avenue, Fresno, California ("the subject property"). (Doc. 1). On July 7, 2011, Brenda Grantland, counsel for Claimant Bok Hee Ee, filed a motion to allow her to withdraw as counsel, as well as an application requesting that the Court appoint attorney Kristin Door to represent Bok Hee Ee pursuant to 18 U.S.C. § 983(b)(2)(A). (Doc. 20). On July 11, 2011, the United States filed a

response. (Doc. 21). On July 12, 2011, Bok Hee Ee filed a motion for extension of time to file an answer to the complaint and a reply to the United States' response (Doc.23).[1]

As part of Claimant Bok Hee Ee's motions, Ms. Grantland filed several documents under seal. However, it was unclear whether the government was ever served with the sealed documents at the time it filed its response. On July 22, 2011, Ms. Grantland filed a second declaration under seal. On July 22, 2011, Ms. Grantland also filed a certificate of service wherein she indicates that she served the government with copies of both the first and second declarations she prepared as counsel on July 7, 2011 and July 22, 2011, as well as a copy of Bok Hee Ee's declaration dated July 7, 2011. This proof of service indicates these documents were only recently served on government counsel on July 22, 2011.[2] (Doc. 26). Since it appears from the record that the government was not served with all of the sealed documents in this case at the time it filed its response, the Court will allow additional time for the government to file a supplemental response.

Moreover, the Civil Asset Forfeiture Reform Act ("CAFRA") provides that a claimant may be appointed counsel in a judicial forfeiture proceeding *if* the claimant is financially unable to obtain representation by counsel *and* the property subject to forfeiture is real property that is being used by the person as a primary residence. 18 U.S.C. § 983(b)(2)(A). The government has argued that Bok Hee Ee is not eligible for appointment of counsel because she was living in Korea for several years and has not lived at the subject property. On July 26, 2011, Ms. Grantland filed a second memorandum in support of her motion to appoint counsel addressing this issue. (Doc. 28). Accordingly, the United States should be given an opportunity to respond to Claimant's most recent filing.

Finally, in the declaration submitted by Bok Hee Ee, she indicates that she has not lived at the subject residence for several years. *See*, Declaration of Bok Hee Ee dated July 7, 2011 at ¶ 3-8.

---

[1] These motions were originally noticed before District Judge Oliver W. Wanger. Judge Wanger requested that the motions be reset and considered by Magistrate Judge Sheila K. Oberto who took the matter under submission. (Doc. 24.) The case was reassigned to the undersigned on July 19, 2011, due to Judge Oberto's recusal. (Doc. 25).

[2] Ms. Grantland did not serve government counsel with a copy of Form CJA 23 or Ms. Ee's credit report. It does not appear that service of these documents is appropriate at this time since the Court will independently make a determination regarding Plaintiff's ability to pay for counsel.

However, she asserts that although the subject property was her "primary residence," she was living in Korea for three years and returned to the United States in March 2011. *Id*. Since returning to the Untied States, she has been living with her daughter at another residence and intends to return to the subject property in January 2012. *Id*. Subsequent materials submitted by Ms. Grantland dated July 22 and July 26, 2011, indicates that Bok Hee Ee will move back to the subject property if needed in order to obtain counsel. Declaration of Brenda Grantland dated July 22, 2011 at ¶ 6. Ms. Grantland further contends that Ms. Ee used the address in the United States to receive mail and the subject property was the address listed on Bok Hee Ee's drivers license and voter registration throughout her absence in the United States. However, there has been no declaration filed under penalty of perjury by Ms. Ee, or any other evidence submitted to support counsel's most recent assertions. (Doc. 28 at pgs. 2-3). Claimant is reminded that it is her burden to establish that she is eligible for the appointment of counsel. Whether the subject property is Ms. Ee's primary residence is tenuous, especially in light of the fact that counsel has indicated that the subject property is in foreclosure. This Court is not inclined to appoint counsel in the absence of any evidentiary support of counsel's representations.

Given the above, the parties shall file supplemental briefing in order to respond to the deficiencies noted above. Claimant Bok Hee Ee shall file any supplemental evidence **no later than August 10, 2011.** The United States shall file any opposition to Claimant's motions no later than **August 24, 2011.** Any reply shall be filed by the Claimant no later than **August 31, 2011.** A hearing will be held regarding both motions on September 9, 2011 at 9:30 am before the undersigned in Courtroom 10.


IT IS SO ORDERED.

   Dated:   **July 27, 2011**                    /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE