# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 6415 NORTH HARRISON AVENUE, FRESNO, FRESNO COUNTY, CALIFORNIA, APN: 407-751-08, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>Defendant. | CASE NO. 1:11-cv-00304 LJO-GSA<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE AN ANSWER<br><br>(Docs. 20 and 23) |

**I.   Introduction**

On February 22, 2011, Plaintiff, United States of America ("United States" or "the government"), filed a complaint for forfeiture of Defendant Real Property located at 6415 North Harrison Avenue, Fresno, California ("the subject property"). (Doc. 1). On July 7, 2011, Brenda Grantland, counsel for Claimant Bok Hee Ee ("Claimant" or "Ms. Ee"), filed a motion to allow her to withdraw as counsel, as well as an application for court appointed counsel pursuant to 18 U.S.C. § 983(b)(2)(A). (Doc. 20). On July 11, 2011, the United States filed a response. (Doc. 21). On July 12, 2011, Claimant filed a motion for extension of time to file an answer to the

complaint and a reply to the United States' response. (Doc.23).[1]  She also filed a supplement memorandum in support of her requests on July 26, 2011. (Doc. 28).

On July 27, 2011, this Court ordered supplemental briefing. (Doc. 30). On August 10, 2011, Claimant filed a second declaration. (Doc. 38). The United States filed an opposition on August 24, 2011. Claimant filed a Reply on August 31, 2011. (Doc. 41). The matter was set for hearing on September 9, 2011. The Court took the matter under submission pursuant to Local Rule 230(g) on September 8, 2011. (Doc. 54). Upon a review of all of the pleadings, the Motion to Withdraw as Counsel is GRANTED. The Motion for Appointment of Counsel is DENIED. The Motion for an Extension of Time to File an Answer is GRANTED.

**II.     The Motion to Withdraw as Counsel**

Ms. Grantland filed the Motion to Withdraw on the basis that she currently represents the Claimant and Claimant's daughter who are joint tenants of the subject property. Since the time Ms. Grantland was retained, she contends that a conflict has arisen between her two clients. In particular, she asserts pleadings filed in this case by the United States indicate that Claimant has been under investigation as a co-conspirator in the underlying criminal case against Claimant's husband in United States v. Kwan Choi, 1:10-cr-206 OWW. Although Claimant has not been indicted, counsel argues that her two clients now have divergent interests. Initially, both clients had an innocent owner defense, however, if Ms. Ee were to reveal any Fifth Amendment privileged information, Ms. Grantland's representation of both clients would be compromised. Ms. Grantland contends that California Rule of Professional Conduct 3-310(C) requires that she withdraw since Ms. Ee is unwilling to sign a written consent waiving the conflict. Additionally, although counsel has handled some criminal matters, criminal law is not her area of expertise and she believes Claimant would be better served by an attorney who specializes in that area.

---

[1] These motions were originally noticed before District Judge Oliver W. Wanger. Judge Wanger requested that the motions be reset and considered by Magistrate Judge Sheila K. Oberto who took the matter under submission. (Doc. 24.) The case was reassigned to the undersigned on July 19, 2011, due to Judge Oberto's recusal. (Doc. 25).

The government argues that there currently is no conflict of interest because Ms. Ee has not been criminally indicted. Moreover, the United States contends that counsel appears to be using the alleged conflict as a basis to support Claimant's request for court appointed counsel.

Rule 3-310(C)(2) of the California Rules of Professional Conduct prohibits counsel from representing clients with adverse interests unless the client gives informed written consent. Rule 3-310 (C)(2) of the California Rules of Professional Conduct; *Cal West Nurseries, Inc. v. Superior Court*, 129 Cal. App. 4th 1170, 1175 (2005). In the Ninth Circuit, the California Rules of Professional Conduct are interpreted according to California state law. *Image Technical Services, Inc. v. Eastman Kodak Co.*, 820 F.Supp. 1212, 1215 (N.D. Cal. 1993). Under California law, an adverse interest is one that is hostile, opposed, antagonistic, detrimental, or unfavorable to one's own interests. *Ames v. State Bar*, 8 Cal. 3d 910, 917 (1973). An attorney-client conflict of interest exists when an attorney must contend or assert a position on behalf of one client, that he must oppose on behalf of another client. *Flatt v. Superior Court*, 9 Cal. 4th 275, 282 fn 2 (1994).

In this case, counsel has argued that an actual conflict exists because Claimant may be criminally prosecuted in the future. The United States contends that there is no actual conflict because no indictment has been filed. At this juncture, it is unclear whether an indictment may be filed which at a minimum creates a potential conflict. The issue of whether this situation is a potential or actual conflict is of no consequence because both forms of conflict requires a written waiver. Rule 3-310 (C)(2) of the California Rules of Professional Conduct. In this instance, Claimant has indicated that she is not willing to sign a consent to continued joint representation. Thus, Ms. Grantland's continued representation of Claimant and her daughter is not appropriate. Moreover, counsel has indicated that given her limited experience in criminal law, she believes counsel with criminal law expertise would better represent Claimant's interest. This Court will not require Ms. Grantland to continue representing Claimant under these circumstances. Accordingly, the Motion to Withdraw as Counsel is GRANTED.

///

///

///

**III.     The Motion to Appoint Counsel**

Claimant requests that she be appointed counsel pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA") which provides that a claimant may be appointed counsel in a judicial forfeiture proceeding *if* the claimant is financially unable to obtain representation by counsel *and* the property subject to forfeiture is real property that is being used by the person as a primary residence. 18 U.S.C. § 983(b)(2)(A). Claimant argues that she qualifies under this provision because she has no funds to pay for counsel and the subject property is her primary residence. The government opposes the appointment of counsel on the basis that Claimant has not lived at the subject property for over three years. Moreover, the government alleges Claimant is financially able to pay for counsel as evidenced by the fact that she recently transferred approximately $400,000.00 to accounts in Korea.

Claimant concedes that she has not lived at the residence since March 2008 when she moved to Korea. *See*, Declaration of Bok Hee Ee dated August 8, 2011 at ¶ 3. (Doc. 38 at pg. 3-4). She returned to the United States in March of 2011 and moved to her daughter's house because she did not have any money. *Id*. Claimant alleges that while she was living in Korea she intended to return to the subject residence. *Id*. She left her belongings at the house and allowed a friend to stay there in her absence. *Id*. While she was gone, she kept the subject property as the address listed on all of her bank accounts, tax documents, and drivers license and she set up automatic payments to pay her monthly bills. *Id*. Claimant alleges that during her absence, her friend stole her identity including taking out credit cards her name and making deposits and withdrawals from her bank account. As a result, she has no money and her credit is ruined. *Id*. She has rented out the subject property because she did not have a car or the money to pay the mortgage when she returned to the United States. She is currently living with her daughter and caring for her grandchild, however, she intends to move back into the residence when she is financially able to do so. *Id*. at ¶¶ 4-5.

The issue in this case is whether the subject property can be considered Plaintiff's primary residence in light of her extended absence from the residence. As noted by both parties,

there are no cases that define the term "primary residence" in the context of the CAFRA statute. However, the definition of this term in other contexts is instructive.

The term "primary residence" is a term of art. There are differing definitions in the Code of Federal Regulations depending on the agency interpreting this term, however, all appear to have the common theme that an individual must reside at the residence for a substantial portion of the year:

> Primary residence means the dwelling where the mortgagor maintains his or her permanent place of abode and *typically spends the majority of the calendar year*. A mortgager can only have one primary residence.
> 24 C.F.R. §§ 257.7 and 4001.07 (both relating to the Hope for Homeowners Program).

> Primary residence means *the dwelling where the applicant normally lives during the major portion of the calendar year*, a dwelling which is required because of proximity to employment, or to agricultural activities as referenced in paragraph (c)(1)(ii) of this section.
> 44 C.F.R. § 206.111 (relating to FEMA federal disaster assistance)

> Claimant means a person who has occupied and used a cabin or other structure as a primary, permanent resident *for a substantial portion of the time*, and who, when absent, has the intention of returning to it as his/her primary permanent residence. Factors demonstrating a person's primary residence include, but are not limited to, documentary evidence, e.g. the permanent address indicated on licenses issued by the State of Alaska and tax returns and the location where the person is registered to vote.
> 36 C.F.R. 13.104 (relating to cabins in the National Park System)

Even under California law, a person is considered to be a resident if the individual is in the state for more than a temporary or transitory purpose. Cal. Rev. & Tax § 17014. A person who spends more than nine months in California shall be presumed to be a resident. Cal. Rev. & Tax § 17016. Conversely, any individual absent from the state for an uninterrupted period of at least 546 consecutive days under an employment related contract is considered outside this state for other than a temporary or transitory purpose. Cal. Rev. & Tax § 17014 (d). This exemption also applies to spouses who accompany their spouses for work purposes for at least 546 consecutive days.

Claimant urges the Court to employ a multi-faceted test to determine this issue. She notes that other Courts have examined a variety of factors to define primary residence for the purposes of insurance litigation and have held that an analysis of the totality of the circumstances

is required. *See, State Farm Fire and Cas. Co v. Lange*, 2011WL 149482 at * 5 (S.D. Tex. Jan 18, 2011). Factors the courts have considered include : 1) how transient a person is, 2) how long he or she has resided in a residence, 3) where the person's belongings are, 4) what address is listed on important documents, 5) whether a person rents or owns the property, 6) whether he or she plans to vacate the premises, 7) whether the residence is shared by others, 8) whether a blood relationship exists between the individual and the other people living in the residence, 9) whether the person has full and free access to the residence and its contents, and 10) the subjective views of others living at the residence. *Id.*

However, in *State Farm Fire and Cas. Co. v. Lange*, the Court noted that where a person spends the majority of time is the most important factor. *State Farm Fire and Cas. Co v. Lange*, 2011WL 149482, at * 6. Applying these factors to that case, the Court determined that Lange's parent's address could not be considered his primary residence when he had been living in an apartment for thirteen months. The Court made this determination despite the fact that Lange kept many of his belongings at his parent's house, both he and his parents testified that his stay in the apartment was only temporary, and he had listed his parent's address on a number of important documents. *Id*. In doing so, the Court noted that these facts were "not enough, however, to overcome the stronger evidence supporting a finding that [the apartment] was his primary residence, including the fact that he spent the majority of his time there. The Court has found no case in any jurisdiction where the term 'primary residence' was determined so as to afford coverage." *Id*. Applying this reasoning to the instant case, the subject property can not be considered Plaintiff's primary residence as she spent the majority of her time at another residence in Korea.

Finally, Claimant argues that the legislative history of CAFRA indicates that this Court has broad latitude when determining whether to appoint counsel. (Doc. 41 at pgs. 8-13). She cites several of the proposed versions of the statute that allowed for the representation of counsel even in cases where the property to be seized was not the primary residence. However, the fact that the enacted version of the statute is more limiting indicates that Congress clearly intended that appointment of counsel is to be granted only in cases where the subject property is the

primary residence. Even in the cases Claimant cited where counsel was appointed under CAFRA, the claimants spent some time during the year at the residence in question.

Here, Claimant has not resided at the property or even in the United States for over three years. Although she contends that she stored her belongings at the house and kept the address listed on several documents, she did not return to the residence when she came back to the United States. Instead, she rented the property out and is living with her daughter. While the Court is sympathetic to the circumstances influencing Claimant's decision to live with her daughter, she nevertheless does not qualify for appointment of counsel. Accordingly, the Motion to Appoint Counsel is DENIED.

Given the Court's finding regarding the Claimant's primary residence, it is not necessary to assess Claimant's ability to pay for counsel. It is noted however that the United States argues that Claimant transferred monies in the sum of approximately $400,000.00 to Korea and she is therefore able to pay for counsel. The parties are advised that these facts were not considered. Although the government supplied a very organized graph of these transactions, it did not submit any evidence for the Court's review. As noted in this Court's previous order, the representations of counsel, without more, are not evidence.

**IV.   Motion for Extension of Time**

In light of the above, Claimant's request for an extension of time to file an answer is GRANTED. Plaintiff shall file her answer no later than **October 27, 2011.** A Scheduling Conference is scheduled for **November 1, 2011 at 9:30 am** before the undersigned in Courtroom 10. The parties shall submit a joint scheduling conference statement that contains the information outlined in Judge Wanger's order dated February 22, 2011 (Doc. 4) no later than **October 26, 2011.**

**V.   Conclusion**

Based on the forgoing, IT IS HEREBY ORDERED that :

1) The Motion to Withdraw as counsel is GRANTED. Ms. Grantland shall provide Claimant with copies of the relevant materials from her case file no later than **September 30, 2011**;

2) The Motion to Appoint Counsel is DENIED;

7

1    3) The Motion for an Extension of time is GRANTED in accordance with the deadlines set
2 forth in this order.
3    Claimant is cautioned that she no longer has the assistance of an attorney and it is
4 recommended that she seek further legal assistance.  If Claimant does not retain another attorney to
5 represent her, she is responsible for complying with all Court rules and applicable laws.  **Failure to**
6 **do so, or failing to comply with any order of this Court, including following the instructions**
7 **outlined in this order, may result in sanctions including an entry of entry of judgment against**
8 **her.**

12    IT IS SO ORDERED.
13    **Dated:    September 20, 2011**                              **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE