IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 1: 11-cv-00304-BAM |
| Plaintiff, | |
| vs. | **ORDER STAYING PROCEEDINGS; GRANTING IN PART AND DENYING IN PART CLAIMANTS' MOTION TO COMPEL DISCOVERY; DENYING CLAIMANTS' MOTION FOR A PROTECTIVE ORDER AS MOOT** |
| REAL PROPERTY LOCATED AT 6415 NORTH HARRISON AVE, FRESNO COUNTY, et al, | |
| Defendants. | |

## I.   INTRODUCTION

Currently pending before the Court is the motion of Plaintiff United States of America (The "United States," or "Government") to stay further proceedings pending the conclusion of related criminal proceedings (the "Motion to Stay"). (Doc. 70.) Also pending before the Court are the motions of claimants Bok Hee Ee and Judy Ee ("Claimants") to compel discovery responses from the United States, as well as Claimants' motion for a protective order concerning discovery requests propounded by the United States (the two motions are collectively referred to as Claimants' "Discovery Motions"). (Doc. 71, 75.)

On July 31, 2012, the Court vacated the hearings on these motions, and ordered the parties to meet and confer to narrow the scope of disputed issues between the parties. (Doc. 78.) The Court additionally ordered the parties to submit a joint discovery statement concerning any unresolved matters. *Id.* On August 20, 2012, and August 21, 2012, the parties submitted three separate statements which, taken together, address all unresolved issues requiring the Court's attention.[1] (Doc. 81, 82, 83.) Having considered the parties' moving papers, oppositions and separate discovery statements, as well as the Court's file, the Court issues the following Order.

## II. FACTUAL BACKGROUND

The United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") conducted an investigation of Kwan Yong Choi, also known as Daniel Choi (hereinafter referred to as "Choi") and his wife, Bok Hee Ee, regarding involvement in multiple fraud schemes. (Pl.'s Compl., ¶ 5, Doc. 1.) Specifically, the United States alleges Choi misrepresented himself under various false pretenses to multiple Korean nationals as part of a fraudulent investment scheme. (Pl.'s Compl., ¶ 11, Doc. 1.) The United States alleges Choi defrauded multiple victims of approximately $2,638,542.00. (Pl.'s Compl., ¶ 12, Doc. 1.)

The alleged fraud schemes involved several bank accounts used by Choi and Bok Hee Ee for laundering victim funds. (Pl.'s Compl., ¶¶ 6-9, 12-15, Doc. 1.) Two bank accounts controlled by Choi were used to deposit victim funds (the "Deposit Accounts"). (Pl.'s Compl., ¶¶ 11-12, Doc. 1.) In an effort to conceal the source of the funds, the funds were transferred from the Deposit Accounts to several accounts controlled by both Choi and Bok Hee Ee (the "Transfer Accounts"). (Pl.'s Compl., ¶ 13, Doc. 1.)

The United States alleges Bok Hee Ee opened a home-equity line of credit for $70,000.00 (the "HELOC") using a residential piece of property as the underlying collateral (the "Real Property"). (Pl.'s Compl., ¶ 6, Doc. 1.) The Real Property is currently held in joint tenancy by Bok Hee Ee and Judy Ee. (Pl.'s Compl., ¶ 6, Doc. 1.); (Claimant's Ans., ¶ 6, Doc. 7.) The United States alleges that Choi and

---

[1] The Court admonishes the parties for their continued failure to obey the orders of this Court and the Court's Local Rules by failing to meet and confer and prepare a joint statement. In the interests of judicial economy, however, the Court will resolve these disputes as they have been presented.

2

Bok Hee Ee used the Transfer Accounts to pay down the balance on the HELOC. (Pl.'s Compl., ¶ 13, Doc. 1.) The United States further alleges that Choi and Bok Hee Ee used the HELOC to transfer funds back to the Transfer Accounts. *Id.* The United States alleges that at least $184,823.05 in Transfer Account funds were deposited in the HELOC. *Id.*

The United States alleges that $11,000.00 was withdrawn against the HELOC as a down payment on a 2005 Mercedes-Benz (the "Subject Vehicle"). (Pl.'s Compl., ¶ 8, Doc. 1.) The United States further alleges that an additional $9,000.00 down payment on the Subject Vehicle was made from a Deposit Account. (Pl.'s Compl., ¶ 15, Doc. 1.) The remaining balance on the Subject Vehicle ($34,517.49) was subsequently paid off through the Deposit Accounts.

The United States of America filed this action *in rem* to enforce provisions of 18 U.S.C. § 981(a)(1)(A), providing for the forfeiture of any property involved in or traceable to a violation of the anti-money laundering provisions of 18 U.S.C. §§ 1956 and 1957. The United States also seeks to enforce the provisions of 18 U.S.C. § 981(a)(1)(D), which allows for the forfeiture of proceeds traceable to mail fraud, in violation 18 U.S.C. § 1341; wire fraud, in violation of 18 U.S.C. § 1343; and 18 U.S.C. 981(A)(1 )(c), which otherwise provides for forfeiture of any property traceable to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such an offense. (Pl.'s Compl., ¶ 1, Doc. 1.)

### III. DISCUSSION

**A. The United States' Motion to Stay**

The United States moves to stay these proceedings pursuant to 18 U.S.C. § 981(g), pending the conclusion of related federal criminal proceedings, *United States v. Kwan Yong Choi,* 1: 10-CR-00206-AWI. Choi was indicted by a federal grand jury on May 27, 2010. Choi is currently serving a prison sentence in Korea, and is expected to be extradited to the United States in or around January of 2013. The United States argues that a stay is necessary to prevent an adverse effect on the government's ability to prosecute the related criminal prosecution, because there is a high degree of similarity of parties, witnesses, facts, and circumstances to the instant civil forfeiture action.

Claimants concede that a limited stay with respect to fraud allegations against Choi is warranted, however, argue that discovery relating to the tracing of the tainted funds to the Subject Properties should

be permitted to go forward. Claimants argue that the tracing of fraud proceeds into the Subject Properties is not an element of the Government's criminal charges against Choi, thus, permitting discovery on this limited inquiry would not adversely affect the Government's ability to prosecute the related criminal action.

### 1. Legal Standard

Pursuant to 18 U.S.C. § 981, "[u]pon the motion of the United States, the court shall stay [a] civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." *See* 18 U.S.C. § 981(g)(1). Although the court "may determine that a stay is unnecessary if a protective order limiting discovery would protect the interests of one party without unfairly limiting the ability of the opposing party to pursue the civil case," 18 U.S .C. § 981(g)(3), under no circumstances may the court "impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so." *Id.*

The language in Section 981(g)(1) reflects an amendment by the Civil Asset Forfeiture Act of 2000 that "broadened the stay relief significantly" and removed the requirement that the Government show good cause. *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001). Indeed, Section 981(g)(1) does not require a particularized showing of prejudice or specific harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation. *See U.S. v. $1,026,781.61 in Funds from Florida Capital Bank*, No. CV 09–04381, 2009 WL 3458189, *2 (N.D. Cal. Oct. 21, 2009). In fact, more specific disclosure of prejudice through detailed evidentiary support will only result in the very prejudice to the criminal proceeding that the Government seeks to avoid. *See id.* Thus, courts have routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of likely prejudice to the criminal proceeding caused by the civil discovery. *See id.*; *United States v. Approximately $69,577 in United States Currency*, No. C 09–0674, 2009 WL 1404690 (N.D. Cal. May 19, 2009).

### 2. A Stay Is Warranted

The criminal investigation and this civil forfeiture case arise out of the same facts and circumstances, and are clearly related. *See* 18 U.S.C. § 981(g)(3). The facts and circumstances of this

forfeiture action mirror those of the related criminal prosecution. *Compare,* Complaint for Forfeiture *In Rem,* No. 11-cv-00304-BAM (E.D. Cal., Feb. 22, 2011, Doc. 1,) *with* Indictment of Kwan Yong Choi, No. 10-cr-00206-AWI (E.D. Cal., May 27, 2010, Doc. 1,). As such, nearly all of the facts, witnesses and evidence offered by the Government in the forfeiture action will overlap with the criminal prosecution.

Civil discovery is likely to adversely affect the ability of the Government to conduct the related criminal proceedings because it will subject the Government to broader and earlier discovery than would occur in a criminal proceeding. *See United States v. Real Property and Improvements Located at 10 Table Bluff Road,* 2007 WL 911849 at *2 (N.D. Cal.2007). Moreover, considering the complexity and frequency of financial transactions involved, complete evidence of the Government's tracing theories would run the risk of revealing evidence Choi may use in his defense. *See, U.S. v. 2009 Dodge Challenger,* 2011 WL 6000790 (D. Or. 2011) ("given the number of people involved, and the complexity and amount of financial transactions involved, it is likely that discovery will need to take place before this court can determine if there is a genuine issue of material fact as to whether any of the seized funds or vehicles can be traced to the alleged fraud under 18 U.S.C. § 981"). As such, the Court is obligated by the plain language of the statute to grant the Government's request for a stay. *See* 18 U.S.C. § 981(g)(1); *see also United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, In the Name of Gold and Silver Reserve, Inc.*, 456 F. Supp.2d 64, 65 (D.D.C. 2006) ("Two things are obvious from this language: 1) the Government must satisfy the court that civil discovery would adversely affect the criminal case; if so, then 2) the court must grant the stay.")

Claimants argue that a protective order limiting discovery to the tracing of victim finds to the Subject Properties sufficiently protects the Government's ability to criminally prosecute Choi. Specifically, Claimants suggest that tracing the alleged fraud proceeds into property belonging to Claimants is not an element of Choi's offense, and will not be at issue at his trial. Claimants argue this information should be produced because, even if it were presumed certain funds were obtained fraudulently (which Claimants do not concede), summary judgment may still be appropriate if the Government can not trace the allegedly tainted funds to the Subject Properties.

The tracing discovery sought by Claimants can be separated into three categories: (1) tracing of victim funds to the Deposit Accounts; (2) tracing of funds from the Deposit Accounts to either the

Transfer Accounts or to the Subject Properties; and (3) tracing from the Transfer Accounts to the HELOC or the Subject Properties. The Government has provided, or has expressed a willingness to provide, the latter two categories of tracing, but not the first. Claimants argue they require all three categories of tracing to move for summary judgment.

Full and complete tracing discovery would, in fact, require the Government to disclose evidence and information necessary to Choi's criminal prosecution. Tracing of victim funds to the Deposit Accounts implicates evidence or legal theories the Government may employ at Choi's criminal proceeding. Choi was indicated for multiple counts of money laundering. To prevail on these claims, the Government has the burden of proving that the financial transactions executed between the various accounts were done so with "the proceeds of some form of unlawful activity." 18 U.S.C § 1956(a)(1). According to the allegations of the indictment, the "unlawful activity" alleged is the defrauding of various Korean nationals. To prove these fraud allegations, the Government must prove that Choi *obtained money* by means of materially false and fraudulent pretenses, representations or promises. Foregoing discovery of Choi's misrepresentations does not cure the prejudice to the Government because the Government must still prove Choi *obtained money* as a result of the misrepresentations. Choi's acquisition of victim funds - an essential element of the Government's criminal prosecution - represents the first category of tracing the Claimants now seek. Thus, complete tracing discovery would entail the disclosure of information that may adversely affect the ability of the Government to conduct the related criminal prosecution.

Further, to prove the Government's money laundering charges, the Government must reveal how the fraudulently obtained monies were concealed. Both the language of the indictment, as well as the allegations in the forfeiture proceedings, indicate the Government's belief that the fraudulently obtained monies were concealed by passing the victim funds from the Deposit Accounts, to the Transfer Accounts, and lastly, to the HELOC and the Subject Properties. Thus, providing evidence of any one of the three categories of tracing could arguably run the risk of unnecessarily or prematurely revealing evidence Choi could use in his defense.

Claimants also object to the imposition of a stay because it could take years before Choi's criminal case is concluded. Choi is currently serving time in a Korean prison, and is not expected to be

released until January of 2013.  Claimants argue that the time it would take to extradite Choi, coupled with his criminal proceedings, could delay this forfeiture action for up to three years.  In support of this argument, Claimants cite *United States v. $8,850,* 461 U.S. 555 (1983) for the proposition that civil forfeiture claimants have a constitutional right to trial without undue delay, measured by the criminal speedy trial factors of *Barker v. Wingo,* 407 U.S. 514 (1972).

Claimants are correct that "[a]n unreasonable delay between seizure of property and a forfeiture action violates a claimant's right to due process." *U.S. v. Approximately $1.67 Million,* 513 F.3d 991 (9th Cir. 2008), citing *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 564, 103 S.Ct. 2005 (1983).  To determine whether a delay is unreasonable, courts balance four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the timing of claimant's assertion of his rights; and (4) prejudice to the claimant. *Barker,* 407 U.S. at 530, 92 S.Ct. 2182; *Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. at 564-69, 103 S.Ct. 2005. One factor by itself does not create a "sufficient condition for finding unreasonable delay.  Rather, these elements are guides in balancing the interests of the claimant and the government to assess whether the basic due process requirement of fairness has been satisfied in a particular case." *Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. at 565, 103 S.Ct. 2005.

In balancing these factors, a stay is warranted.  Considering the first factor, i.e., the length of delay resulting from the imposition of a stay, that issue is not yet ripe for determination.  While Choi's extradition will not take place until January of 2013 at the earliest, the Court will not speculate on the anticipated duration of Choi's criminal proceedings.  The Court notes, however, that in considering the reason for the delay (the second factor), the presence of related criminal proceedings has long been considered a justification for a lengthy delay in forfeiture proceedings. *See $8,850,* 461 U.S. at 567; *U.S. v. Forty-Seven Thousand Nine Hundred Eighty Dollars,* 804 F.2d 1085 (9th Cir. 1986).  In addition, the delay is not be the result of any dilatory conduct by the United States.  Choi is serving a prison sentence in Korea; a circumstance outside the United States' control.

The third factor favors neither party.  Claimants have timely raised their right to proceed with the case in response to the Government's Motion to Stay.  The Court notes, however, that Claimants

7

have repeatedly asserted they sought a stay of these forfeiture proceedings when the case was first filed. Thus, both parties have, at various points in these proceedings, requested a stay pending the conclusion of the Choi criminal prosecution.

Claimants argue the delay from a stay would prejudice Claimants for two reasons. Claimants argue that the Subject Vehicle continues to depreciate in value, and that Claimants endure substantial hardship from being deprived of the Vehicle. Claimants also argue that the delay resulting from a stay would result in loss of evidence because "[m]emories fade, witnesses become unavailable and documents are lost." Claimants suggest this case will involve substantial banking records that will have been destroyed by the time the case recommences.

The delay resulting from a stay would not significantly prejudice Claimants. The Court has already ruled on Claimants arguments that the Government's retention of the Subject Vehicle prejudices Claimants.[2] *See United States of America v. 2005 Mercedes-Benz,* No. 11-cv-01150 (E.D. Cal. 2011, Doc. 36). Claimants argue that the Court denied the hardship petition because Claimants lacked sufficient ties to the community, but that was only part of the Court's rationale. The Court also found that the prejudice to Claimants was not significant. *See, Id.* ("Claimant has not shown a substantial hardship if the Subject Vehicle were not released . . . . The need for the Subject Vehicle is as a convenience to the Claimant rather than a necessity.")

Regarding the unavailability and "fad[ing] memories" of witnesses, because Claimants concede a stay of depositions and witness interviews is warranted, the Court does not find any prejudice in delaying this kind of discovery.

Any potential prejudice with respect to banking records has not been shown. Claimants have not offered any evidence, anecdotal or otherwise, that banks will have destroyed the relevant banking records. Additionally, Claimants are not seeking documents from the banks; rather, Claimants seek these documents from the Government. As Claimants acknowledge, "[t]he banks would not honor the subpoena [to Choi's accounts] without Choi's consent." Thus, whatever documents Claimants now seek

---

[2] Claimants have renewed their Motion for release of the Subject Vehicle. Claimants have not presented any new arguments in support of this request. *See* Local Rule 230(j). The Court denies this motion for the same reasons the Court previously denied the motion. *See, United States of America v. 2005 Mercedes-Benz,* No. 11-cv-01150 (E.D. Cal. 2011, Doc. 36).

8

will still be in the possession, custody and control of the Government - regardless of a given bank's document retention policies. Moreover, as it relates to accounts Claimants have access to at the bank, they can request the relevant records, regardless of whether a stay is in place. Lastly, Claimants already have, or will be provided some tracing discovery. As for victim funds-related tracing, the Government will be required to produce this information when the stay is lifted.

**B.    Claimant's Discovery Motions**

Based on the information provided to the Court, it appears as though the Government has provided complete discovery responses concerning the tracing of funds from the Transfer Accounts and Deposit Accounts to the HELOC. Additionally, it appears the Government has provided a sampling of tracing discovery concerning funds transferred from Deposit Accounts to Transfer Accounts. As the Court has determined that all tracing discovery arguably could prejudice the Government's criminal prosecution against Choi, the Court will not compel any undisclosed tracing information until the stay is lifted. However, it is unclear if the Government has been fully responsive in its document production concerning the tracing information provided in the Government's interrogatory responses. To the extent the Government has not provided supporting documentation for tracing disclosed in its interrogatory responses, the Court hereby orders the Government to do so.

As the Court is imposing a stay in this matter, the remainder of Claimants' Motion to Compel is denied as moot. Claimants' Motion for a Protective Order is also denied as moot.

### IV.    CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1. To the extent the United States has not already done so, within 30 days of the date of this Order, the United States of America will provide supporting documentation for tracing information listed in the United States' response to Claimants' interrogatories;

2. The remainder of Claimants' Motion to Compel is DENIED;

3. Claimants' Motion for a Protective Order is DENIED;

/././

/././

4.  This Action is STAYED pending the conclusion of the related criminal matter, *United States v. Kwan Yong Choi,* 1: 10-CR-00206-AWI (E.D. Cal.)

IT IS SO ORDERED.

Dated:   **September 21, 2012**                         **/s/ Barbara A. McAuliffe**
                                                                            UNITED STATES MAGISTRATE JUDGE